Our next case number six, agenda number six is number 131039 Christopher Bittner v. City of Pekin Council for the appellate, are you prepared to proceed?  Councilwoman, are you ready?  May it please the court, justices, council. My name is Jerry Marzullo, partner with Asher Gitler and D'Alba, and I'm pleased and honored to be arguing for the plaintiffs and the appellants in this matter today. Since 1973, Public Employee Disability Act benefits, PETA payments, have been made to police officers, firefighters, and correctional workers who have injured themselves in the service of their communities and the people of the state of Illinois without tax deductions. So now, for the almost 61,000 police officers, firefighters, and correctional officers, of which I am one of them, that is no longer the case. And there are multiple reasons why the appellate court got it wrong and the appellate court ruling must be reversed. The appellate court ruling read the statute as having no prohibition against the deduction of taxes when it is not allowed to do so. The appellate court ruling may now very well require the state legislature to review every state statute that provides payments of any sort for contemplation of taxability. And the appellate court ruling interpreted PETA in this bubble where the state legislature did not. The appellate court ruling would also diminish what PETA is, which is an enhanced workers' compensation benefit for injured first responders by now placing it on the same terms. So can we start perhaps with the language of the statute? Yes. And would you explain? I believe that you're arguing that the language is ambiguous. And would you explain how we should be interpreting the language in the statute? Yes. In the PLA before this court, it was argued that the statute is ambiguous. And if the statute is ambiguous, the appellants win. Plaintiffs win. And so the question is when you look at the statute regarding whether or not it is ambiguous, the issue here is on the same basis. And if the issue is on the same basis, continue to be paid by the employing public entity on the same basis, that means that this court is free to look outside the statute for something that we already know, which is that these payments are non-taxable. So if the statute is ambiguous, when we talk about gross pay, net pay, what does on the same basis mean? What does continuation of that benefit mean? So, counsel, the language that says that he shall continue to be paid by the employing public entity on the same basis as he was paid before the injury, that's not plain and clear as to what that means? But, Justice, let me, at the risk of being mad at you, let me answer this a different way. Whether or not this court finds that the statute is clear and unambiguous or ambiguous, the plaintiffs still win either way. If the court finds that it's ambiguous, again, as I stated, it's outside, we don't want an absurd ruling, we don't, you know, common sense approach, what does the other guidance say? We win. If the court continued to be paid by the employing public entity on the same basis, but the clear and unambiguous portion doesn't end there, because it is clear and unambiguous that this state statute is an enhanced workers' compensation benefit, it's non-taxable. And the way we can find that it is clear and unambiguous, if this court were to find that it's clear and unambiguous, is Section D of the statute, right? So if we look blatantly at the statute, it says under Section D of PETA, so even if this court is not persuaded, is it gross pay? Is it net pay? What does that mean? What does continuation mean? Well, there's no mention of taxes in the language, correct? It does talk about the fact that you're not to know deduction for sick leave credits, compensatory time for overtime accumulations or vacations or service credits. So it does go into, with specificity, some issues, but taxes isn't. Yes. And it can't. And if I may, that is the fatal flaw in the Fourth District's ruling. The fatal flaw in the Fourth District's ruling is that it can't contemplate taxes, right? It can't. For the exact reasons why the city of Pekin argued in front of the Fourth District, because there's a federal supremacy issue. So if there's a federal supremacy issue in tax laws, tax laws, federal benefit tax laws, federal tax issues, et cetera, it could not have contemplated taxability in the statute. So when you look at it, it's page 9 of the ruling. When you look at page 9 of the Fourth District Appellate Court ruling, what that ruling says is, well, it would require us to then look outside of the revenue guidelines, which, by the way, say, well, if it's non-taxable on the federal level, it's non-taxable on the state level, right? And then it would require us to come back into the statute, and that's absurd. But that's not absurd. That's exactly what the court would do. Because if it's clear and unambiguous, let's look at Section D of the statute, right? It says, during this period of disability, clear and unambiguous, that PETA is considered a disability, Section D of PETA. During this period of disability, any salary compensation, et cetera, from workers' compensation shall revert to that entity during the time for which continuing compensation is paid to them under the Act, right? So here's what PETA did. State legislature passes PETA in 1973. They say, this is an enhanced workers' compensation benefit for first responders, 100 percent of the pay. Civilian workers, 66 and two-thirds, temporary total disability. That's what they get, right, when they're rehabbing or trying to come back or applying for a disability under separate standards, separate portions of the pension code. First responders, due to the nature of your jobs, we're going to enhance those workers' compensation benefits. We're calling them a disability under the statute. It's 100 percent of the pay. So if you really think about it, if you take out tax deductions for the PETA benefits, right, if you take out tax deductions, what's the point of PETA? If workers' compensation is 66 and two-thirds, temporary total disability, and everybody in this room knows that it's non-taxable, well, PETA benefits, 100 percent of your pay in benefits, enhanced workers' compensation benefit, clearly call it disability under the Act. Clearly since 1973, everyone has treated it as non-taxable. Everybody in this room, the city of Pekin knows that it's non-taxable. They've admitted it. But if we take out tax deductions, then what happens? We've just created another regular workers' compensation benefit. There's no difference between the statute. So the Fourth District Appellate Court ruling diminishes what the state legislature intended to be, a 100 percent tax-free benefit, just like 66 and two-thirds temporary total disability for non-first responders. So the state just took workers' compensation and they enhanced it for this specialized group of individuals who do these dangerous jobs in service of their communities. And that's exactly what happened. So if it's clear and unambiguous. Is there anything that would have prohibited the legislature from putting language in here about you don't take out taxes? Do they know how to do that? The federal supremacy clause that Pekin argued as to why it cannot be in here. How does the state legislature pass PETA and say, feds can't take out taxes? How do they do that? They can't, right? And because they can't, they left it silent. And they left it silent because it's a work comp benefit. Enhanced. It's clear and unambiguous. If the court finds, it's a work comp benefit. And, again, if it's ambiguous because we don't know what on the same basis means, is it gross pay, net pay, et cetera, we just look through the Code of Federal Regulations. It's weird because it's a circular argument. We keep coming back to what is the obvious. And the obvious is that everyone knows this is non-taxable. The Fourth District ruling just completely turns that on its head. And what the Fourth District ruling does now, as I stated, it would require potentially the state legislature to go back and review all of these statutes for which payments are made. Hold on a second here. Is it taxable? Is it not taxable? What do we do? Would they have to go back and review? Or are all of these other cases going to come up regarding these tax issues? So you mentioned that it specifically only covers three categories, police, fire, correctional officers. And it also has a specific limitation. This only can be paid for an injury less than one year. There is a specific reason why they are not only receiving their same basis, but they aren't required to take sick leave. They aren't required to use any vacation time for this or any other. They don't lose any of their service credits. They continue as if employed and as if they were able to work, which is different than going on TTD or something of that nature, where by the virtue of that, you cannot work and receive those. You're not going to get full-time pay. You're not going to accumulate all those things because you're placed on a disability status. Is this entire statute different, this provision? This entire statute, I would argue, is not different, right, because civilians under 66 and two-thirds, temporary total disability, are receiving those payments, and they're not utilizing their benefit time as well. But it's an enhancement. It's an enhancement to the workers' compensation benefits that are already in place for non-first responders, and it should be treated as such. Because it is that enhancement, it's not anything else. The city of Pekin cannot argue that PETA is anything else but then an enhanced workers' compensation benefit. It's not different. What the state legislature did is carve out a special status for this special category of individuals. So the state legislature comes together and says, 66 and two-thirds temporary total disability for these sworn members is not good enough. We want to do something different. Because if they didn't do that, well, then what's the point of PETA? They would have just kept police, fire, and correctional workers on regular 66 and two-thirds temporary total disability, right? So they passed this enhanced benefit, and this enhanced benefit comes out of workers' compensation. It says, you get these additional benefits. Now, to your point, to your questioning, when we're talking about vacation, sick time, those no deductions, that is because the court wanted to, excuse me, the state legislature wished to ensure that they would receive 100% and not have to use their own time for line-of-duty injuries. And the state legislature is free to do that, right? The state legislature is free to say, we don't want to give you an enhanced benefit for a non-work-related injury because you are different. But when it comes time to this line-of-duty issue, then this is how we are going to treat you, right? And because of that, because of these issues, here's what the appellate court has done. They have now created a remarkable amount of additional burdens on first responders. Let me ask you a different question other than the line that you're taking. How do you respond to the argument that you're required to file a tax refund request under federal law before you can sue in an Illinois state court? Well, the tax deductions for the reasons as delineated should never have been taken out in the first place, right? But that's not my question. I mean, their argument is that you should have filed a tax refund request under federal law and that you cannot sue in Illinois courts for the issue that you're suing for. How do you respond to that? Well, at the end of the day, what the city of Pekin and what the 4th District ruling does then is create this right without a remedy. If you have to claim or potentially sue to get a refund prior to suing under this issue, but you now have to establish your right to a PETA benefit first in order to ask for the refund, have you now created this right for which there is no remedy? Can I kind of play that one out? I think the question that Justice Cunningham is putting is there is a remedy. Maybe. A tax refund is a remedy. You're seeking the remedy against the village, the city of Pekin, right? You want Pekin to pay the money out, right? We want the Pekin to pay the money out for an enhanced workers' compensation benefit. What is the difference between this? Where is that money going to come from? That money will come from the city of Pekin, correct? Who would then, if the city of Pekin treats it as non-taxable as they should, who's seeking the refund? I'm really thinking about what is the nature. This is a declaratory judgment action, correct? It is. Okay. So we have basic principles of DEC actions. You've got a conflict of interest and specifically that you're looking for a remedy against the city, right? That's what this lawsuit is about. But you have a different remedy. You have a remedy by asking for a federal refund. Why does that not defeat the DEC action however we interpret the statute? Well, because you have a remedy to seek a federal refund for monies that should never have been taken out in the first place because the code of federal regulations in the Illinois Department of Revenue guidance is that these are non-taxable benefits. So you wouldn't be able to get a refund, you're saying? Well, if an employer improperly takes out the deductions, this is a case of first impression over whether or not deductions should be taken out in the first place, right? If the court rules against the plaintiffs and now we have this situation where if you're injured in the line of duty, taxes will be taken out even though everybody knows it's non-taxable. The problem is that it potentially not only does it put unbelievable additional burden on the injured first responders, which is not what the court recommend or not what the state legislature intended, but in addition to that, there may not be a remedy. I mean, I can give you an example. I can give you an example. So there is no PETA under a collective bargaining agreement. It's not referenced, so it's not subject to a grievance procedure. This court finds that there's no prohibition against it. You can take tax deductions out and you, every single injured first responder, now have to go hire accountants and attorneys and get federal tax refunds and seek those federal tax refunds, by the way, which there is, as this court can take notice, a three-year statute of limitations in doing so. So an individual, I'll give you two examples of why this is absurd. An individual injures himself in November of 24, then goes on late duty in the early part of 25, which tolls the 365-day PETA statute, then finishes out late duty because there's no more late duty available, 24, 25, and finishes up in February of 26, right, which this type of thing happens all the time. Does that individual now have to file for three years of amended tax returns, 24, 25, and 26, because there was PETA payments in all of those years? In addition to that, directly to the justice's point, there is no PETA benefit under a collective bargaining agreement, right? It's not referenced, not subject to the agreement procedure. An individual has to file a lawsuit. Individual files a lawsuit in 2024. It now takes four years to get its way through the court to determine whether or not you're going to establish PETA benefits. So it's burdensome on the plaintiffs here. Unduly burdensome, and not what the state legislature intended, and produces the absurd results that this court seeks and strives to avoid. But the money itself, you're saying this money should never have been – how can I put this? Where is the money? That's what I keep saying. Is it in the coffers of the city of Pekin, or is it in the federal government in the sense of the IRS? It is in the coffers of the city of Pekin, because the state legislature required that they make those payments in the nature and course of disability workers' compensation benefits. So, yes, it is. But it's non-taxable. I'm concerned about the impact on the city of Pekin and perhaps other municipalities across the state. If we were to agree with your position. There's a very significant fiscal impact on all of these municipalities to have to now, all these years later, find ways to generate funds to pay this out, where in fact there is another remedy, and that is a refund from the IRS. Justice, they have been making these payments on a gross level without taking out tax deductions since 1973. And, in fact, because we all know that it's non-taxable. And, in fact, there are potential situations where the employer has benefited from being tax-free, because it's not been necessary to make their share of particular contributions, like Medicaid contributions, Medicare contributions, right? So the employer, in a weird way, has actually saved money by treating it as non-taxable, which everyone knows that it is, and which it has been treated such since 1973. And so the question becomes, really at the end of the day, Justice, the question becomes, why are we here? No one has taken the position that these benefits are taxable. We now know, under the examples that I gave, that police officers, firefighters, and correctional workers are now going to have to overcome all these additional burdens. I suppose the question would be, if the city takes taxes out, and then the employee has to go and get amended refunds, does the city now have to then seek redress for any type of deductions or matching that it made that it should not have? So are you saying you don't have to file a tax refund request with the federal government? You can just forego that process and sue in state court? That's your response to my question earlier, but you didn't answer it. I'm just trying to find out what is your answer to my question. It's possible I don't understand the question or that I'm just sidestepping the question. Well, don't sidestep. Try to answer. Justice, it's not personal, right? But I'm just trying to understand that if the taxes should never have been taken out in the first place because it's in the nature and course of workers' compensation benefits, there would be no suit. It's true they should never have been taken out in the first place, but they were. Don't you have a remedy in filing a tax refund request with the federal government? Yes, you do. You do have the remedy for something to redress a wrong that we all know should not have been taken out in the first place. But how is that different than not taking out taxes on 66 and two-thirds temporary total disability? What is the difference? There is no difference between the two. One just happens to be for civilians. One just happens to be the enhanced benefit for injured first responders in the line of duty. It comes out of this. It's cut from the same cloth. Any other questions? Thank you very much. Counsel for the appellant? May it please the Court, Your Honors. Excuse me, Counsel. Good morning. My name is Chris Sokin, and I represent the city of Pekin. I think what we heard today is a lot different from the case as it actually stands. As Counsel stated, Pekin isn't saying that these aren't taxable. The issue is whether Pekin can be sued under the PETA statute for withholding them. Taxability and withholding are two entirely different things that Pekin believed based on the language of the statute that said continue to pay on the same basis, and that's exactly what they did. They continued the payments just as they were before and withheld those amounts. What would have happened is if a refund had been filed and a tax return had been filed properly, perhaps the plaintiffs would have received that money back, and in that case it would not have been taxable. But whether it is withholdable and, more importantly, whether Pekin can be sued under the statute for withholding it are two entirely different things. One thing that came up after the briefing in this case was over is that this Court issued its opinion in Arlington Heights v. Rolling Meadows, which I submitted as supplemental authority on behalf of Pekin. And I think that case sort of overshadows a lot of what's happening here because in that case the Court ruled emphatically that the Illinois Department of Revenue has exclusive jurisdiction over tax matters. And I know the Court said in that case that that was always its opinion, dating back to Chicago v. Kankakee. I will state that even though the Court said that was always its intention, clearly the appellate court didn't believe that, and clearly practitioners didn't necessarily believe that either, that there was this belief that if you had a very complicated matter, you could just jump straight into the court system. And what the Court held in Arlington Heights is that that is not true and that the Court said that in the city of Chicago they established a quote, bright-line rule that the Illinois Department of Revenue has exclusive jurisdiction over tax matters. This matter obviously didn't come up in the briefing below because this case wasn't decided, as I said, until the briefing in this case was completed. But what did come up in the briefing below in both the trial court and the appellate court was this jurisdictional matter about seeking a tax refund because the IRS in Section 7422 of the Internal Revenue Code says you must file a tax refund before you can go to any court anywhere to seek some sort of redress that might even be in any way related to taxes. That was in the United States Supreme Court v. Plintwood case where the Supreme Court of the United States emphatically decided you just have no right anywhere, no matter your theory that you sue on, no matter what you think, if it is somehow related to taxes, you have to follow that administrative remedy. You cannot jump straight into the court system. Counsel, your opponents argued that our courts in Illinois are obligated to enforce applicable federal laws, specifically the benefits such as these, which are not income and are not subject to withholding, that the federal law is preemptive. And in addition, they also argue that the laws governing this particular issue were enacted long before the act that's at issue here. And our legislature is presumed to be fully aware that there were federal laws in place that prohibits the withholding of taxes. And so your opponent is arguing that it was never intended for taxes to be taken out and it was obviously a mistake. And so how do you respond to that? The first response would be that— First of all, is what he is arguing true, that these laws, that the act that's in question here were enacted after the federal laws were in place, long after? Well, my first response would be that there's no law that says they aren't withholdable. They aren't taxable, that if you file a tax return and say these were PETA benefits and the IRS treats PETA benefits as a workers' compensation benefit, and I think as I said in my briefing, there's now some open question on that after Loper Bright came down and the United States Supreme Court says you no longer have to defer to agency rulings, because the only reason that these are non-taxable is because there's an IRS federal regulation that says, well, we're going to treat this as workers' compensation. And that's sort of up in the air right now. So are you saying that that IRS regulation should be ignored? Well, the IRS regulation says that you have to, as an employer, if you withhold incorrectly, you would have to do that on a yearly basis. There's no requirement that you would have to do that and correct that every single paycheck as the plaintiffs are asking. And I think that gets back to the issue of taxability versus withholdability. And to your question, I think when municipalities read this statute and it says effectively treat them as if they're still working, do exactly what you were doing as if they were still working, that's what they did. What they did when they were working was take out the withholding. Counsel, as a practical matter, this money that's being withheld, where does it go? The money that was withheld has been placed with the IRS and the Illinois Department of Revenue for payment of the taxes that the plaintiffs might have had due in that tax sheet. So we're looking at the municipality. If you are held responsible, you have to come up with what was withheld and you don't have what was withheld because you sent it to the IRS in compliance with the statutory language. That's correct. And the Seventh Circuit has addressed Your Honor's very question in the Kauke decision, which was the federal government hasn't consented to be sued in a state court. If the court were to say, Pekin, you've got to pay this money back, and to your point, Pekin says we don't have this money. We paid it over to the government to satisfy the plaintiff's tax burden. That falls on the taxpayers because Pekin isn't going to be able to go to the federal government and say, hey, we want our money back from many, many years ago. That's just not going to happen. So these municipalities are going to undertake a heavy burden if we're going to reinterpret the plain language of the statute and retroactively apply it, as counsel seems to suggest, for the last 50-some years. That's an untold amount of money that the plaintiffs had an opportunity to get themselves via a tax refund, and both the Illinois Department of Revenue and the IRS say you have to seek this tax refund. And that's before we even get to the point about immunity because when we set up this system of employment taxes wherein we make these municipalities, we make the employers, every employer, basically an agent of the IRS, an agent of the Department of Revenue, and say you work for us, you collect these taxes, you turn them over to us to satisfy your employees' tax burdens. And both the federal government and the Illinois General Assembly said we're going to pass a law so that you cannot sue your employer over tax withholding. It's in Section 3403 of the Internal Revenue Code, the federal government, that just says the employer shall not be liable to any person for the amount of any such payment, and Section 705 of the Illinois Income Tax Act says the same thing. Counsel, if we take your opponent's argument to heart, that this act is in the nature of a workers' compensation statute and benefits are limited to injuries incurred in the line of duty and benefits are not based on age, length of service, and any other factors such that those benefits are not subject to employment tax withholding. So his argument is that those taxes should never have been withheld in the first place. I mean, how do you respond to that? That's his argument, that this is a workers' comp-type statute, and we all know that we shouldn't be withholding taxes, and I'd like your response to that. The statute does not say that. It simply doesn't say that, because it says continue to do- Well, maybe I would like your response to that argument. Sure, that the statute is ambiguous. It's not ambiguous. It couldn't be plainer. Continue to do what you should be doing. The issue that Your Honor is bringing up is really an issue not for anyone in this room, but between the IRS and the Department of Revenue and these municipalities, that if those taxing bodies want to tell municipalities do something different, you should be taking this out every check. That's up to them. That is their purview. That is the entire point of Arlington Heights, that it is not up to the court to be doing this because those bodies have their own statutory scheme that has replaced the entirety of the judicial process for determining these tax issues. The Fourth District opinion didn't say that the plaintiffs have no remedy anywhere. It said they have no remedy under this specific statute to sue an employer under PETA to get money back that is effectively a tax refund. That is what the Fourth District said. It didn't say they have no right to a tax refund. It didn't say you can't get this money back somehow. It didn't even say, plaintiffs, maybe you should go tell the IRS that maybe they're doing this incorrectly. It just said you cannot use PETA as a vehicle to get a tax refund. And Section 705 says they can't sue you over that. Section 7422 says you can't sue over that unless you first ask for a tax refund. And even then, if you do ask for it, you have to sue the United States government, and they have to be sued in federal court. So we're basically, the plaintiffs are basically asking this court to intrude on the grounds of the legislature that has created these statutory schemes, set this up in a manner as to not burden employers by making them not only de facto collection agents, but at this point we're saying they're de facto accountants for all their employers as well. Well, let's look at it this way. We have no way of knowing whether the plaintiffs were even ultimately taxed this amount. Without looking at their tax refunds, for all we know, they got all their money back, even though he can withhold this. And that goes back to the issue of taxability versus withholdability. I put solar panels on my house last year. I got a very large tax refund because of the amount of money. That money was still withheld from my paycheck. I just got it back at the end of the year. It wasn't taxable. It was withholdable, but it came out at the end of the year. There's no way... I know you've argued that this money was withholdable, but if it's deemed to be a disability benefit, is it withholdable? I believe it is under the IRS regulations until they say otherwise because they basically have treated these benefits as if they were workers' compensation benefits, but they have never said you cannot withhold this. All they have said is you have to follow the general provision, which is if you, as an employer, overwithhold throughout a year, you have to make good with your employee on a yearly basis. That's what the IRS regulations say, which then we have this conflict with the statute of it says keep doing what you're supposed to be doing. I don't think, and the 4th District didn't think, if we're going to say this specific statute is ambiguous because we trace it down the line where we eventually end up at some federal tax letter, advisory letter, that's not law. The federal code, according to Loper-Bright, isn't law. So we don't actually have any specific ruling from a federal court or the IRS. Any specific ruling says you cannot withhold this. It just doesn't exist. It's not in the plaintiff's briefing that it says you can't do that. So Pekin, and obviously I understand your point that workers' compensation benefits, everyone knows you can't do that just because that's the way the IRS has treated it for so long, but the language of the Workers' Compensation Act is different than PETA, wildly different. Has the city always been withholding these taxes from these types of benefits? I can tell you, Justice, that since the 4th District opinion came down and since the PLA in this case was granted, I have received more phone calls from other attorneys asking me what is going on with this. I represent such and such municipality. That's not the question I asked. Well, and my answer is there are many different municipalities that do it differently. I'm talking about Pekin. Prior to this, were you withholding taxes from these kinds of benefits?  Pekin has always read that statute to mean when someone goes on PETA benefit disability, keep continuing to pay them as if they were continuing to work. And by continuing to work, they continue to withhold the exact same amount. So you're saying this is nothing new. They just chose to bring this action at this time, but it's been going on all along. This is nothing new. I mean, there's nothing in the record that says other employees of Pekin filed refunds and got these amounts back. I don't know that, but I know that Pekin has always treated it in this manner. I know that other municipalities treat it in this manner. Some other municipalities might treat it differently, but Pekin has always thought based on the language of PETA, we have to do it this way because that's the way it was done before. And if an officer or a firefighter was part-time, they continued to receive their pay as if they were working their regular part-time hours. You said that's the way it was done before. Before when? Since the statute, since that language became law of on the same basis, Pekin has done it that way as my understanding. I don't believe there's ever been a time where Pekin has withheld these amounts and then said, well, in this case we're going to do the opposite and then we're going to go back on this one and we aren't going to withhold. Pekin has always taken the position with all of their employees that they do it this way. And one of the reasons I think they do this is if you're a smaller municipality and you don't have that many employees, maybe you don't have a full-time bookkeeper, maybe you don't have a full-time support staff that handles these things, it's easier to just continue to do it the same way than to have to, each time these individuals get a check, we have to change the withholding and then fix this all at the end of the year. It's easy to just keep doing it the way you're always doing it and then at the end of the year it will get sorted out when the officer or the firefighter has their tax return, that it would be easier on the municipalities to do it that way. And Pekin just believed that was the way it had to be done because of the plain language of the statute. And the language of the Workers' Compensation Act, that gives instructions on the withholdability aspect when it comes to those benefits, correct, which is different? The Workers' Compensation Act is very different. And to counsel's point about the supremacy clause, the Workers' Compensation Act is a state law. There's no federal workers' compensation law, so we don't have that concern. Whereas here with PETA, what the plaintiffs are asking for is not only the taxes that they, that Pekin paid in on their behalf to the state of Illinois, but federal taxes as well, which is an entirely different regulatory scheme, as stated in my briefing, that they did not follow. That had they filed these tax refunds, they would have potentially got the money back. They might not have as well, and that's another issue, is we don't know if there was some unpaid tax burden on these individuals. What if they sold some investment property, didn't pay taxes on the time, and the state of Illinois said we're keeping that because even though it wasn't withholdable, you paid that in and you owe these taxes. There's many ways in which this money could have been paid over for the plaintiff's benefit, even if what they say is true, that it's not ultimately taxable, because the Illinois Department of Revenue and the IRS are going to treat that as a lump sum of money paid in towards their various obligations under the tax code. What ultimately we come down to here is the argued ambiguity that the plaintiffs are trying to raise isn't from any language in the statute. The language in the statute is very clear. Keep doing what you're doing. What plaintiffs are claiming is that the statute really means this phrase full pay they use. It says it means full pay, but the word full pay isn't in the statute. It's not in any legislative history that I could find. They've taken that phrase and inserted it into the statute to create an ambiguity. They then argue that that's ambiguous, whereas if you just read the plain language, any reasonable person and any municipality that reads it, and it says continue. Continue on the same basis. The legislature would not have used the words continue and same if it meant what the plaintiffs say, which is to do something different. Why would they have said continue and same if really what the plaintiffs say is discontinue and do something dissimilar, do the opposite? The plaintiff's defense to that is, well, there are three exclusions in the statute, but they don't say anything about taxes, and that's true. They don't say anything about taxes. The reason they don't is because there's nothing in there about not withholding. And the argument that they make that, well, it doesn't clearly say that you shouldn't be withholding this doesn't make any sense because that's unconstitutionally vague. Counsel said, well, are we going to run back and have to rewrite all these statutes? The answer is no because the statutes have to say what is excluded. They don't say what's included. They say what is excluded because otherwise every statute is going to be thousands and thousands of pages long about everything that could be, whereas here we have a statute that says these are the three things you can't do. Withholding taxes isn't one of them, and that would be the end of the question. What they are arguing for is a statute that is unconstitutionally vague because how is Pekin to know you can't withhold these taxes by reading PETA? And the Fourth District's point was you can't, that the plaintiffs are requiring the municipality to read this language and then read various IRS publications, IRS tax opinion letters that don't even have force of law and then comply with those. All they need to do is read the statute and comply with it, and they did. The declaration that plaintiffs are asking for would be a non-starter anyway because if the court said, yeah, you can file this lawsuit, how would they ever jump through all of the other remaining hoops? You didn't file a tax refund. You lose. You have immunity under Section 722, so you lose. You have immunity under Section 705 of the Illinois Income Tax, so you lose. What they're asking for is a non-starter. They're never going to be able to sue under this statute. And the Fourth District's point was file your refund. You have your opportunity. Just like Arlington Heights, just like the city of Chicago, you didn't have to jump directly into the court system. And as a matter of fact, you can't. You have to go through IDOR. You have to ask them for a refund. If they refuse, you have to protest it. You have to go through the Illinois Tax Tribunal, and only then do you ever reach a court system, and when you do, you reach it under the administrative review law. So we would ask the court to uphold the decision of the Fourth District. We don't believe that the court has jurisdiction to hear these tax issues. The remaining issues about the PETA benefits can be remanded to the trial court, as to Mr. Bittner, and those can be decided on a factual basis. Thank you. Thank you very much, counsel. Counsel will reply. Members of the court, the issue, again, isn't one of taxability, because we all know it's not taxable. The issue here isn't what Brooks or Bittner should have done in terms of filing for a refund. If an employer withholds the taxes that they shouldn't, because we all know it's not taxable, then plaintiffs would file for a refund. This issue is about whether or not, in the first place, withholding tax deductions are appropriate for 61,000 officers working beats, firemen in their still districts, correctional workers on their tiers. In the context of a DAC action, don't we have to think about the remedy? You do. There has to be. That's the point of this. The remedy would be, yes, it is inappropriate and it is impermissible for the city of Pekin to withhold taxes. You, Brooks and Bittner, go back and seek your refunds. If they're in the time limit for their refunds, great, and if they're not, then okay. And this just shows the confusion that surrounds this issue. I'm sorry, are you saying that that is the remedy that you seek? The remedy, the most important thing that we are seeking today is the understanding, even as counsel says, that this is clear and unambiguous language, that this is the nature and course of workers' compensation and disability benefits. It's not taxable. It never should be taken out in the first place. The remedy, and whether or not the court wishes to remand the circuit court or how the court wishes to proceed, is either that the city of Pekin make them whole because they inappropriately withheld taxes in the first place, or whether or not Brooks and Bittner need to go back and seek the refunds because they've availed themselves of this lawsuit to determine whether or not tax withholding should have been taken out in the first place. That's the issue. And if you listen to the city's argument, one of the things that they just said is, for something that we all know is non-taxable, court. This is a small town. It's easier to do it the same way because it's a smaller municipality without a full-time bookkeeper. So therefore, a Mount Vernon, a lake forest that doesn't have a full-time bookkeeper could then just go do this, even though we know it's non-taxable because it's an easier burden on the employer, but then put this remarkable burden on the first responders injured in the line of duty that for benefits that we all know is not taxable, right? Continued on the same basis is not the sleight of hand that the city of Pekin wants you to believe that it is. Continued on the same basis is an enhanced workers' compensation benefit. That's what continued on the same basis is. Continued on the same basis, and the reason why these three red herrings on this no deduction for sick leave credits, comp time, vacation time, etc., what that means was to ensure that an employer could not say, well, we'll pay you on the same basis, but we're also going to use your benefit time concurrent, much like an FMLA issue. We're going to run your accumulated benefit time concurrent with this and seize that benefit time while we're paying you 100%. The state legislature wanted to ensure that that is not the case, right? And there's no record of Pekin filing for amended taxes to get the money back that they should. It is not that the city of Pekin wants to make this distinction between withholdability and taxability. There's a very good chance that I'm oversimplifying this, which I've been known to do, but I think it's this distinction without a difference. Who cares? You cannot withhold something that is non-taxable in the first place. It's an inappropriate withholding because they shouldn't have done it in the first place because the Code of Federal Regulations, the Illinois Department of Revenue guidelines, are such that it's non-taxable. It's a non-taxable benefit. So in effect, what we have done is we've said you and your first responders have to wait. So throughout the entire year, not have access to any of that money which the state legislature intended. Then you might have to very well use some of that money that you're going to be receiving to hire the accountants, attorneys, et cetera, to file your amended tax returns. Counsel, are you making an equitable argument? I think there's also an element of an equitable argument here. And there's an equitable argument here because this court, for me to tell this, but this court will avoid absurd, harsh results. We have case after case of examples of that. I would argue that this is one of the most egregious examples that this court may see, which is everybody knows X to be true, but we're a small town that we don't have a bookkeeper. So we're just going to keep continuing to pay on the same basis because that's what we think it means. And eventually down the road, you and your first responder, you'll get your tax return. You'll get your amended tax return. You'll get your money back. And if you have to establish your legal right to PETA because the employer determines that it's not, the employer says, no, you don't get PETA benefits, we think it's not a line of duty, we better hope that that lawsuit that establishes your PETA benefits is within the three-year statute of limitations for a refund. Because if it's not, you've established your right to PETA benefits, the employer takes out tax withholdings, and then you don't have the ability to avail yourself of the refund. The employer makes it seem as if these municipalities have done something wrong since 1973, and they haven't, right? Because every employer looked at this, and everybody looked at this and said, well, it's not taxable. So what are we taking out taxes for in the first place? We're not going to. There's nothing wrong with that. They didn't do anything wrong for thousands and thousands and thousands of injured first responders for the last, let's see, 48, for the last 52 years. They didn't do that, right? What we have all understood to be is non-taxable. And so what the city of Pekin is saying is, well, that means something different than withholding, but it doesn't. Because it's non-taxable, it never should have been withheld in the first place. You said the city has been withholding the whole time. The city got it wrong the entire time. And I can tell you, and this is anecdotal, our office represents hundreds of police and fire locals, correctional locals. It represents 60-plus police and fire pension funds. I've never heard of this, of the PETA benefits being as non-taxable. In fact, the accountants, the guidance that comes from everybody surrounding this area, defined Article 3 and Article 4 benefits, municipalities, have all treated this as non-taxable, right? The Illinois Municipal League has bullet points and guidelines saying, oh, yeah, this has been non-taxable, right? I mean, Lotto Economic, who represents all of the accountants for all of these Article 3 and Article 4. Are you saying they just recently started taxing it or because you just said to them? No, what I'm talking about is literally hundreds of municipalities that have treated this as non-taxable because everybody understands what it is. If Pekin has been doing it wrong all along, well, then it's Brooks and Bittner who were the first ones who stood up and said, wait, hold on. This is non-taxable, which is why we're here today. I don't know why potential plaintiffs years ago in Pekin did what they did. I'm unaware. But I can tell you, I think what this court knows is that for decades, hundreds and hundreds of municipalities have not taken out taxes for penal benefits because of the codified regulations in Illinois. Going back to a question that Justice Holden-White asked, where does the money come from to reimburse these people? Well, the money is either going to come from, depending on how this court rules, the municipality that inappropriately withheld. And if the court doesn't do that, then it would get remanded back saying that this municipality cannot take tax deductions out of something that is clearly a non-taxable workers' compensation enhanced benefit. You, Brooks and Bittner, avail yourself of the refund ability, to which the extent there is, because the employer inappropriately withheld the tax benefits that they should not have withheld in the first place for something they already received. Are you seeking some kind of injunction against the city of Pekin? I am seeking... That's what you're suggesting. I'm seeking, I guess put another way, a future injunction or an understanding from this court that can be used to put this issue to rest once and for all so that employers do not put any other injured first responders through what Brooks and Bittner have had to go through. And this court can do that. So now we've kind of changed the whole cause of action. I've been thinking about deductions and what they mean. Now you're saying that we should consider this as the cause of action to be a request for a permanent injunction, and that it's forward-looking. That from now on, city of Pekin, you can't do this. And that, therefore, since it's forward-looking, no remedy, no looking back, no refund. What are you asking for? I think this court can do both. I think this court can enter into a remedy to the extent that there is or to the extent that Brooks and Bittner may have to then seek the refunds. And perhaps they go back to the IRS and say, look, it's a three-year statute of limitations. But because there was this litigation, now Brooks and Bittner, you know, that should be told for whatever reason, and they can get their refund. But I do believe this. I think I would be inappropriate in saying that this would not then be used, this case, as a basis to show employers in the future that these types of deductions are inappropriate because this is the nature, of course, of a large corporation. Did you ever ask for an injunction? Directly, no. That was never asked for. Okay. Thank you very much. Thank you for your time. This case, agenda number six, number 131039, not Christopher Bittner at all, versus the city of Pekin, will be taken under advisement.